IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2011

## TOM PERRY BELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**Nos.  280152 & 280153      Barry A. Steelman, Judge**

**No. E2011-01408-CCA-R3-PC - Filed January 3, 2012**

The Petitioner, Tom Perry Bell, appeals the Hamilton County Criminal Court's summary dismissal of his petition for post-conviction relief from his 1979 convictions for two counts of second degree criminal sexual conduct and petition for post-conviction relief from his 1984 conviction for attempt to commit a felony.  The trial court summarily dismissed both petitions as untimely.  The Petitioner contends that the trial court erred by dismissing his petitions without an evidentiary hearing and the appointment of counsel.  The Petitioner also contends that the original trial court erred by failing to advise him of his constitutional right against self-incrimination.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Tom Perry Bell, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On July 23, 1984, the Petitioner pled guilty to attempt to commit a felony and was sentenced to two years' confinement.  On September 18, 1979, the Petitioner pled guilty to two counts of second degree criminal sexual conduct and was sentenced to concurrent terms of two years' confinement. The Petitioner did not appeal his convictions but now seeks post-conviction relief.  In both petitions for relief, the Petitioner argued that the judgments of

conviction were void due to the trial court's failure to sign each judgment. The Petitioner filed both petitions for post-conviction relief on May 6, 2011.

The trial court summarily dismissed the petitions by written orders. The trial court found that the petitions were untimely under Tennessee Code Annotated section 40-30-102(a) because they were filed after the one year statute of limitations expired. The trial court found that the Petitioner did not claim that he was entitled to relief under an exception to the one year statute of limitations under Tennessee Code Annotated section 40-30-102(b).

The trial court also treated the Petitioner's filing in case number 280152 as a petition for habeas corpus relief but concluded that the Petitioner did not allege that the cause of the Petitioner's present imprisonment was attributable to the judgment in that case. Relying on Jack P. Carr v. David Mills, Warden, No. E2000-00156-CCA-R3-PC, Morgan County (Tenn. Crim. App. Oct. 13, 2000), perm. app. denied (Tenn. Mar. 12, 2001), the trial court found that the Petitioner did not allege a defect in the judgment that rendered the judgment void. The court attached a copy of the judgment to the order showing that the Petitioner pled guilty to attempt to commit a felony on July 23, 1984, that he was sentenced to two years' confinement, and that the judgment was signed by Judge Edward E. Davis.

The trial court also treated the Petitioner's filing in case number 280153 as a petition for habeas corpus relief but concluded that the Petitioner did not allege that the cause of the Petitioner's present imprisonment was attributable to the judgments in that case. The trial court, again relying on Jack P. Carr, found that the Petitioner did not allege a defect in the judgments that rendered them void. The trial court attached to the order a signed copy of the court minutes dated September 19, 1979, showing that Judge Campbell Carden presided over the guilty plea hearing, that the Petitioner pled guilty to two counts of second degree criminal sexual conduct, and that the Petitioner was sentenced to concurrent terms of two years' confinement. This appeal followed.

As a preliminary matter, the State argues that the appeal should be dismissed due to an untimely notice of appeal. The Petitioner has not responded to this argument. The trial court filed both orders denying post-conviction relief on May 16, 2011. The Petitioner mailed his notice of appeal from the prison mail room on June 20, 2011.

An appeal as of right is initiated by filing a notice of appeal within thirty days of the entry of the judgment being appealed. T.R.A.P. 3(e), 4(a). However, the notice of appeal "is not jurisdictional and the filing of such document may be waived in the interest of justice." T.R.A.P. 4(a). "In determining whether waiver is appropriate, this Court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." State

v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, Davidson County, slip op. at 2 (Tenn. Crim. App. Dec. 27, 2005). Because the Petitioner is proceeding on appeal pro se and because his appeal was mailed only five days after the thirty-day requirement, we will waive timely filing in the interest of justice.

The Petitioner first contends that the trial court erred by summarily dismissing his petitions for relief without an evidentiary hearing and the appointment of counsel. The State contends that the trial court properly dismissed both petitions as untimely and for failure to state a cognizable claim for relief. We agree with the State.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2010). Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a violation of a constitutional right. T.C.A. § 40-30-103 (2010). Summary dismissal of a post-conviction petition without a hearing is proper on the "basis that the petition failed to state a cognizable claim for relief." State v. Rodney Welch, No. W2008-01179-CCA-R3-PC, Gibson County, slip op. at 2 (Tenn. Crim. App. Jun. 15, 2009) (citing T.C.A. § 40-30-106(f)).

A petition for post-conviction relief must be filed within one year from final judgment. T.C.A. § 40-30-102(a) (2010). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition. The order shall state the reason for the dismissal and the facts requiring dismissal." T.C.A. § 40-30-106(b) (2010); see Early H. Miles v. State, No. M2003-02849-CCA-R3-PC, Davidson County, slip op. at 2 (Tenn. Crim. App. Oct. 18, 2004). The Post-Conviction Procedure Act, however, enumerates the following exceptions to the statute of limitations:

> (1) The claim . . . is based upon a final ruling of an appellate court establishing a new constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required;
>
> (2) The claim . . . is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim . . . seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an

agreed sentence, and the previous conviction has subsequently
been held to be invalided. . . .

T.C.A. § 40-30-102(b).

The Petitioner pled guilty to offenses in 1979 and 1984 but filed his petitions for post-conviction relief in 2011. This exceeds the time allowed by the statute, and none of the enumerated exceptions that allow for tolling of the statute of limitations apply in this case. The Petitioner cites no new constitutional rule, no new scientific evidence, and makes no claim that an earlier conviction was overturned. The petitions are barred by the statute of limitations.

The Petitioner also contends that the trial court erred by failing to inform him of his constitutional right to remain silent. We note, however, that the Petitioner raises this issue for the first time on appeal. The State does not address this as a separate issue. In any event, the Petitioner is not entitled to relief because his petitions are barred by the statute of limitations.

Because the Petitioner contended that his convictions were void due to the trial court's failure to sign the judgments, the trial court also reviewed the petitions as requests for habeas corpus relief. The trial court, however, summarily dismissed the petitions because 1) the Petitioner was not under restraint of the convictions at issue and 2) there was no defect in the judgments that rendered them void. The trial court found that the respective trial judges signed the judgments and criminal court minutes. The record supports the trial court's findings.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE